**Wilfred HETTENHAUSEN, Appellant,**

v.

**GENE JANTZEN CHEVROLET, and State Treasurer, State of Missouri, Custodian, Second Injury Fund, Respondents.**

No. 56484.

Supreme Court of Missouri,
Division No. 2.

Sept. 10, 1973.

Motion for Rehearing or to Transfer to Court en Banc Denied Oct. 8, 1973.

Morris B. Kessler, St. Louis, for appellant.

John C. Danforth, Atty. Gen., Jefferson City, Gene R. Spengel, Jr., Asst. Atty. Gen., St. Louis, for State Treasurer, respondent.

STOCKARD, Commissioner.

This is an appeal by an employee ·from the judgment of the Circuit Court of the City of St. Louis affirming an award of the Industrial Commission of Missouri which denied an award against the Second Injury Fund. At the time the notice of appeal was filed this court had appellate jurisdiction ·because a State Officer, as such, was a party, and jurisdiction is retained pursuant to Mo. Const. Art. V, § 31, V.A.M.S. (1945). We affirm.

Wilfred Hettenhausen, hereafter referred to as "Claimant," sustained an injury, compensable under the workmen's compensation act. He alleged that he had previously sustained "a permanent partial disability" within the meaning of § 287.220 RSMo 1969, V.A.M.S., which consisted of the surgical removal of his left testicle, and he sought additional compensation from the Second Injury Fund. The referee awarded Claimant, among other benefits, $520 payable from that fund, but the Industrial Commission reversed that portion of the award, and in doing so stated: "The Commission finds in the record no evidence to support an award against the Second Injury Fund. * * * [T]he claimant must prove he is possessed of an industrial disability due to a previous injury in order to be entitled to an award against the Second Injury Fund. This the claimant failed to do."

Claimant first contends that § 287.220 requires only that there be a preexisting disability, and that the requirement that a claimant must prove that he is possessed of an "industrial disability due to a previous injury" is unauthorized and erroneous. We agree with the Commission that for a claimant to be entitled to an award from the Second Injury Fund he must have had a previously incurred "industrial disability," as that term is defined, but disagree that such disability must have been due to a "previous injury."

The applicable provision of § 287.220 provides as ·follows: "If any employee who

has a permanent partial disability, whether from compensable injury or otherwise, receives a subsequent compensable injury resulting in additional permanent partial disability so that the degree or percentage of disability caused by the combined disabilities is greater than that which would have resulted from the last injury, considered alone and of itself, and if the employee is entitled to receive compensation on the basis of the combined disabilities, the employer at the time of the last injury shall be liable only for the degree or percentage of disability which would have resulted from the last injury had there been no preexisting disability." Provision then is made for determining the amount chargeable to the Second Injury Fund, and because of its importance in determining the meaning of the statute we shall set it forth. "After the compensation liability of the employer for the last injury, considered alone, has been determined by a referee or the commission, the degree or percentage of employee's disability that is attributable to all injuries or conditions existing at the time the last injury was sustained shall then be determined by that referee or commission and the degree or percentage of disability which existed prior to the last injury plus the disability resulting from the last injury, if any, considered alone, shall be deducted from the combined disability and compensation for the balance, if any, shall be paid out of a special fund known as the second injury fund, hereinafter provided for."

In Wilhite v. Hurd, 411 S.W.2d 72 (Mo. 1967), this court ruled that "The pre-existing permanent partial disability necessary to compensation from the Second Injury Fund under Section 287.220, V.A.M.S., relates to disability to work and means 'industrial disability' or loss of earning capacity, rather than physical impairment as such."

In this case the evidence establishes that ten years prior to the compensable second injury sustained by Claimant, he had a testicle surgically removed. In substance, Claimant contends that this constituted a permanent partial disability, and that when he sustained his subsequent compensable injury, the commission should have determined that the combined disability resulting from the surgical removal of the testicle and from the last compensable injury exceeded the degree or percentage of disability which resulted from the preexisting condition plus the disability resulting from the last injury. By finding that Claimant had not established the existence of an industrial disability, the Industrial Commission found that the prexisting condition did not adversely affect his ability to work or his earning capacity, and therefore it was not a permanent partial disability within the meaning of § 287.220.

The definition of the term "permanent partial disability" as set forth in Wilhite v. Hurd, supra, is a concise and accurate way of expressing what is necessarily the meaning of the term when considered in context with the latter provisions of the statute, quoted above, pertaining to the computation of the compensation, if any, to be paid out of the Second Injury Fund. For example, if the alleged "preexisting permanent partial disability" did not adversely affect Claimant's ability to work or earning capacity, or as stated, was not an "industrial disability," then the combination of that condition with the disability resulting from the last compensable injury could not result in a "combined disability," referred to in § 287.220, greater than the degree or precentage of disability resulting from the last injury, and there would be no "balance" for which compensation is to be paid from the Second Injury Fund.

The record adequately supports the finding of the Industrial Commission that Claimant did not have a preexisting industrial disability, as that term is defined, and we are not authorized to substitute our judgment as to this finding even if we were so inclined, which we are not.

As noted, the Industrial Commission stated in its order that Claimant has the burden to prove an industrial disability

"due to a previous injury." At argument counsel for the Second Injury Fund admitted that this is not a requirement, and the issue of whether a previous injury is required is not advanced in the argument portion of Claimant's brief to this court. Also, under the facts of this case, it is immaterial whether the preexisting condition resulted from a previous injury or otherwise.

The judgment is affirmed.

HOUSER, C., concurs.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

HENLEY, P. J., DONNELLY, C. J., and FINCH, J., concur.

MORGAN, J., not sitting.